# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| CHUKWUNENYE HENRY EKWEANI, | * | |
| Appellant | * | |
| v. | * | CIVIL NO. JKB-16-3434 |
| ROBERT S. THOMAS II, | * | |
| Appellee | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

This is an appeal from the United States Bankruptcy Court for the District of Maryland. The appeal has been briefed (ECF Nos. 12, 14, 15), and no oral argument is necessary, Local Rule 105.6 (D. Md. 2016). For the reasons stated below, the judgment of the Bankruptcy Court is affirmed.

## I. Procedural History

Appellant Chukwunenye Henry Ekweani filed a Chapter 13 Petition on June 8, 2016. *In re Ekweani*, No. 16-17776 (Bankr. D. Md.), ECF No. 1. On the same day, he filed Adversary Proceeding No. 16-00277 against Wells Fargo Home Mortgage Corporation ("WFHM") seeking, *inter alia*, an injunction preventing WFHM from foreclosing on the home in which Appellant and his nonfiling spouse, Ijeamaka Ekweani, have resided since purchase of the property located at 6604 Sewells Orchard Drive, Columbia, Maryland (the "Property"), on July 29, 1999. *Id.* ECF No. 6.

Appellant filed his Chapter 13 Plan in which he proposed to pay $0 per month for a term of 0 months. *Id.* ECF No. 11. Also, in his Chapter 13 Plan was the following Non-standard

Provision: "At the conclusion of the pending Adversary Proceeding Case No.: 16-00277 seeking declaratory judgment concerning Wells Fargo Home Mortgage's anticipated claim, debtor and his wife will obtain financing to pay the amount determined by the Court." *Id.* Appellant also filed his calculation of disposable income, which showed Appellant having $0 income and his spouse having gross monthly income of $11,105.85; further, the form showed their joint monthly disposable income (after subtraction of certain allowable expenses) as $3,564.62. *Id.* ECF No. 13. The Court notes that one of Appellant's subtracted expenses was a home mortgage payment of $2,039.69 per month. *Id.* Even though the mortgage payments were apparently in arrears, Appellant showed a "cure amount" payable to WFHM of $0. *Id.*

The Trustee[1] filed his Objection to Confirmation of Chapter 13 Plan, noting that the proposed Plan called for no payments to the Trustee, even though Appellant has monthly disposable income of $3,564.62, thus failing to comply with 11 U.S.C. § 1325(b)(1). *Id.* ECF No. 18. Additionally, the Trustee contended, "The purpose of this case is to unreasonably hinder and delay the efforts of Wells Fargo to foreclose on the real property secured by Debtor's property. . . . The debtor is merely seeking to re-litigate his dispute with Wells Fargo in this Chapter 13 case. This is entirely inappropriate." *Id.* Further, the Trustee argued the Plan was not feasible because Appellant had "failed to explain and adequately document how he will obtain financing to pay Wells Fargo if and when he is successful in this litigation." *Id.* Finally, the Trustee stated, "This Plan has not been filed in good faith and fails to meet the requirements of 11 U.S.C. § 1325(a)(3). It does not appear that the Debtor can propose a chapter 13 plan that can be confirmed by this Court." *Id.* The Trustee concluded by asking the court to deny confirmation of the Chapter 13 Plan without leave to amend. *Id.*

---

[1] At that time, Gerard R. Vetter served as Interim Standing Chapter 13 Trustee. He resigned October 1, 2016, and Robert S. Thomas II was appointed as the Standing Chapter 13 Trustee. *Id.* ECF No. 34.

Following a hearing, the Bankruptcy Court concluded the proposed plan did not meet the requirements of 11 U.S.C. § 1325 and denied confirmation of the plan but provided Appellant with leave to amend. *Id.* ECF No. 20. The court also denied Appellant's motion to continue the confirmation hearing. *Id.* ECF No. 21. Both of these orders were entered August 10, 2016.

Appellant then filed an Amended Chapter 13 Plan. *Id.* ECF No. 25. In this proposal, Appellant planned to pay "$0 per month prior to confirmation of this plan, and $1,388.72 per month after confirmation of this plan, for a total term of 60 months." *Id.* He also stated that WFHM's secured claim was "not affected by this plan and will be paid outside of the plan directly by the Debtor." *Id.* He continued to include the same Non-standard Provision regarding his plan to obtain refinancing on the mortgage at the conclusion of the adversary proceeding. *Id.*

After a second confirmation hearing, the Bankruptcy Court denied confirmation of Appellant's Chapter 13 Plan without leave to amend on September 28, 2016. *Id.* ECF No. 32. Consistent with the Trustee's Objection, the court concluded that the proposed Plan did "not fulfill the requirements for confirmation set out in 11 U.S.C. § 1325 and that the Debtor [was] unable to file a Plan that is susceptible of confirmation." *Id.* Further, the Bankruptcy Court

> ORDERED, that if, within fourteen (14) days from the date of entry of this Order, this case is not converted to a case under another chapter or voluntarily dismissed, then this case may be dismissed by the Court on account of Debtor's failure to prosecute the case properly without further notice or hearing.

*Id.* No proceedings on the merits have occurred in No. 16-17776 since the denial of confirmation of Appellant's Chapter 13 Plan without leave to amend. As of this writing, the Bankruptcy Court has not exercised its authority to dismiss the case.

Appellant filed a Notice of Appeal and Statement of Election on October 11, 2016. *Id.* ECF No. 37. In his notice, Appellant described "the judgment, order, or decree appealed from"

as the Order Denying Confirmation of Chapter 13 Plan Without Leave to Amend entered on September 28, 2016. *Id.*

Thereafter, on November 8, 2016, Wells Fargo Bank, N.A. ("Wells Fargo"), filed its Motion for Order Confirming No Stay Pursuant to 11 U.S.C. § 362(c)(3)(A) and Granting Relief as to the Bankruptcy Estate and Co-Debtor Stay; the motion was filed as to both Appellant and his spouse, Ijeamaka N. Ekweani. *Id.* ECF No. 42. After a hearing, that motion was denied without prejudice for failure to demonstrate standing. *Id.* ECF No. 47 (entered January 26, 2017). On February 23, 2017, Wells Fargo filed a similar motion, indicating the total amount due on the mortgage was $737,403.62. *Id.* ECF No. 55. Included as exhibits to the motion were documents establishing the merger of Wachovia Mortgage Corporation (the original mortgagee on the 2007 promissory note at issue) with and into Wells Fargo Bank, National Association, effective May 6, 2011. *Id.* This time, Wells Fargo's motion was granted, and the court entered an order on April 12, 2017, confirming no automatic stay was in effect with respect to Appellant and lifting the automatic stay of 11 U.S.C. § 362(a) as to the Bankruptcy Estate as well as the Co-Debtor Stay of 11 U.S.C. § 1301(a) so that Wells Fargo could proceed to a foreclosure sale of the Property. *Id.* ECF No. 61. The court further ordered an equitable servitude for a period of 180 days in the event of a future filing by Appellant, his wife, or any other person or entity claiming an interest in the Property such that either 11 U.S.C. § 362(a)'s automatic stay or 11 U.S.C. § 1301(a)'s co-debtor stay shall not attach to the Property and shall not apply to Wells Fargo's enforcement of its interest in the Property. *Id.* Appellant filed a notice of appeal as to this order. *Id.* ECF No. 63. That appeal was docketed as a separate District Court case, Civ. No.

JKB-17-1174 (D. Md.), but was dismissed June 12, 2017 (ECF No. 8), for failure to comply with Bankruptcy Rule 8009(a)(1)[2] and the Court's order.

While the primary Bankruptcy Court case No. 16-17776 was in process, the Adversary Proceeding No. 16-00277 was also moving forward. Wells Fargo filed a motion to dismiss the complaint or, alternatively, to abstain, which the Bankruptcy Court granted on September 1, 2016; after a hearing, the court concluded it should abstain pursuant to 28 U.S.C. § 1334. No. 16-00277 (Bankr. D. Md.) ECF Nos. 8, 18. No notice of appeal was filed from that order. The adversary proceeding was closed March 31, 2017. *Id.* Dkt. Ent.

In addition to Appellant's Case No. 16-17776 in the Bankruptcy Court in this District, Appellant and his wife have filed several other bankruptcy proceedings since 2008.

Ijeamaka Ekweani filed a *pro se* Chapter 7 petition on May 21, 2008, which was converted to a Chapter 13 petition on December 10, 2008. No. 08-16913 (Bankr. D. Md.) ECF Nos. 1, 72, 77. That case was dismissed on June 18, 2009, because the debtor had "failed to commence making timely payments as required by 11 U.S.C. § 1326." *Id.* ECF No. 117.

On September 29, 2009, Appellant filed a Chapter 7 voluntary petition in the Bankruptcy Court for the District of Arizona. No. 09-24272 (Bankr. D. Ariz.) ECF No. 1. On January 25, 2010, Appellant and his wife filed an adversary proceeding against Wachovia Mortgage Corporation for rescission of the promissory note and deed of trust, claiming Wachovia did not have a valid lien on the Property because Wachovia did not have either a note or deed of trust signed by Appellant or by anyone authorized by Appellant to sign those documents. Adversary

---

[2] Mistakenly cited as Bankruptcy Rule 8006 in the dismissal order. An amended order has since been entered. No. JKB-17-1174 ECF No. 9.

Proceeding No. 2:10-ap-00160 (Bankr. D. Ariz.) ECF No. 1.[3]  Wells Fargo Bank, N.A., the

successor to Wachovia Mortgage Corporation, filed a counterclaim against the Ekweanis.  *Id.*

ECF Nos. 17, 59.  Wells Fargo then filed a motion for summary judgment as to the Ekweanis'

claims and also filed a motion for summary judgment as to its counterclaim.  *Id.* ECF Nos. 103,

104.  On September 27, 2012, the court granted both motions in Wells Fargo's favor.  *Id.* ECF

No. 145.  The court noted the followings facts in its judgment:

> Plaintiffs purchased the Property in July 1999, and engaged in a series of
> refinancing rounds, continually pulling out equity from the Property.  In
> December 2004, they refinanced their loan with a first and a second through
> GMAC, eventually defaulted on those loans, and attempted to rescind both loans
> pursuant to the Truth in Lending Act ("TILA").  In 2007, the Plaintiffs began the
> process of refinancing the Property through Wachovia, which was all done online.
> In preparation of the online closing, the Plaintiffs executed a limited power of
> attorney ("LPOA") to an employee at LSI to sign the loan documents on their
> behalf.  During the loan closing process, they confirmed their understanding [of]
> the process, as well as the various documents, including the TILA disclosures,
> and the right of rescission.  The Plaintiffs defaulted on the loan in
> September 2007; after Wachovia initiated foreclosure proceedings, the Plaintiffs
> sent a letter requesting rescission of the loan pursuant to TILA.  However, they
> failed to tender the proceeds.  Wachovia has been attempting to foreclose on the
> Property since 2008, which has led to lawsuits in the Maryland state and federal
> courts.

*Id.* 1-2.

The court analyzed the Ekweanis' claims and concluded that Wells Fargo had authority

to foreclose on the Property, that no TILA violation had occurred, and that the Ekweanis were

not entitled to injunctive relief.  *Id.* 3-6.  The court further addressed Wells Fargo's counterclaim

and concluded that it was entitled to a declaratory judgment requiring the Ekweanis to tender all

loan proceeds as a prerequisite to rescission under TILA, that Ms. Ekweani's default on her

obligation to pay the mortgage loan according to the note's terms constituted a breach of

contract, that the Ekweanis were unjustly enriched by their receipt of the loan proceeds and their

---

[3]  In the main case, the court terminated all stays and injunctions, including the automatic stays imposed by
11 U.S.C. § 362(a), with respect to the Property, No. 09-24272, ECF No. 35 (entered Feb. 11, 2010), and closed the
case on December 8, 2010, *id.* ECF No. 88.

subsequent failure to repay the loan, that no evidence showed any defect in the loan paperwork had occurred thereby rendering moot Wells Fargo's alternative count seeking an equitable lien on the Property, and, last, that Wells Fargo was also entitled to be equitably subrogated to the lien position of GMAC because some of the loan proceeds were used to pay off the GMAC loan. *Id.* 6-9. Following the Ekweanis' notice of appeal, *id.* ECF No. 146, the Bankruptcy Appellate Panel concluded the appeal was untimely and dismissed it on June 17, 2013, for lack of jurisdiction, 2:10-ap-00160-DPC ECF No. 155 (*see also* ECF No. 7, No. 13-1193 (B.A.P. 9th Cir.)).

The next bankruptcy case was a Chapter 13 petition filed by Ms. Ekweani on October 5, 2012.[4] No. 12-28221 (Bankr. D. Md.) ECF No. 1. That case was dismissed on November 15, 2012, for failure to complete required filings; in the same order, the court provided notice that the automatic stay was terminated. *Id.* ECF No. 28. The court denied a motion to vacate on January 28, 2013, and closed the case on February 11, 2013. *Id.* ECF Nos. 46, 49.

Ms. Ekweani then filed another Chapter 13 petition on May 8, 2013. No. 13-18075 (Bankr. D. Md.) ECF No. 1. On August 13, 2013, the court granted Wells Fargo's motion for relief from the automatic stay and the co-debtor stay in order to permit foreclosure on the deed of trust on the Property; the court also imposed an equitable servitude of 180 days, barring application of the automatic stay and the co-debtor stay with respect to the Property in any Title 11 case filed by either of the Ekweanis or any subsequent transferee; finally, the court ordered that the termination of the automatic stay and the co-debtor stay as to the Property shall be binding in any case filed under Title 11 by either of the Ekweanis or any subsequent transferee within two years after the court's order. *Id.* ECF No. 73. That order was appealed,

---

[4] The Court notes this filing was a mere eight days after the District of Arizona Bankruptcy Court decisively ruled in Wells Fargo's favor.

but the appeal was dismissed because the notice of appeal was untimely. Civ. No CCB-13-2661 (D. Md.), ECF Nos. 17, 18 (entered November 5, 2013). On the merits, the Chapter 13 Plan, No. 13-18075 ECF No. 26, was denied without leave to amend on August 30, 2013, *id.* ECF No. 91. That order was also appealed, but the appeal was dismissed for failure to prosecute. Civ. No. CCB-13-2887 (D. Md.) ECF No. 9. The bankruptcy case was dismissed on October 23, 2013, for failure to provide required documents, No. 13-18075 ECF No. 136, and the case was closed on July 8, 2014, *id.* ECF No. 156, after Ms. Ekweani's motion to vacate the dismissal was denied, *id.* ECF No. 153.

The most recent bankruptcy case involving the Ekweanis, besides the instant case, was Appellant's Chapter 13 petition filed on September 15, 2015. No. 15-22846 (Bankr. D. Md.) ECF No. 1. That filing, it is noted, occurred roughly one month after the expiration of the two-year bar on either an automatic stay or a co-debtor stay with respect to the Property. The court denied confirmation of the Chapter 13 plan without leave to amend. *Id.* ECF No. 35. Thereafter, Appellant moved to dismiss his case; the motion was granted and the automatic stay was terminated on December 10, 2015. *Id.* ECF Nos. 37, 38. The case was closed on March 2, 2016. *Id.* ECF No. 44.

## II. Standard of Review

In an appeal from Bankruptcy Court, this Court reviews factual findings for clear error and conclusions of law *de novo*. *Gold v. First Tenn. Bank Nat'l Ass'n (In re Taneja)*, 743 F.3d 423, 429 (4th Cir. 2014). A finding is clearly erroneous only if, after reviewing the record, the reviewing court is left with "a firm and definite conviction that a mistake has been committed." *Klein v. PepsiCo, Inc.*, 845 F.2d 76, 79 (4th Cir. 1988).

### III. *Questions Presented*

Appellant frames the issues on appeal as follows:

1. Whether the Bankruptcy Court committed an error of law or an abuse of discretion in denying Appellant's request to continue the Chapter 13 plan confirmation hearing pending resolution of issues upon which Appellant's Chapter 13 plan was contingent, which had been properly presented in Appellant's Adversary Proceeding but the Bankruptcy Court abstained from hearing, reasoning that such issues were state law issues that must be decided in state court.

2. Whether the Bankruptcy Court committed an error of law or an abuse of discretion in holding a Chapter 13 plan confirmation hearing before the resolution of Appellant's claims made in the Adversary Proceeding given that Appellant's final Chapter 13 plan was contingent on the resolution of his Adversary Proceeding claims, and confirmation of a Chapter 13 plan serves as *res judicata* on such claims.

Appellant's Brief 2.

In contrast, the Trustee frames the only issue for the Court's review as, "Whether the Bankruptcy Court made an error or abused its discretion in denying confirmation of the Debtor's plan without leave to amend." Appellee's Brief 3.

The Court concludes the Trustee's statement of the issue is correct. This Court's review is limited to the one order of the Bankruptcy Court specified in the notice of appeal, that of September 28, 2016, which denied confirmation of Appellant's Chapter 13 Plan without leave to amend. *See Moses v. CashCall, Inc.*, 781 F.3d 63, 79 (4th Cir. 2015) (appellate court only has jurisdiction over an order actually appealed and presented to court; notice of appeal limited scope of appeal to specific lower court order). The order denying continuance of the confirmation hearing, entered August 10, 2016, was not appealed. Consequently, the Bankruptcy Court's decision in that order is not properly before this Court. To the extent Appellant's statement of the issues may implicate the correctness of the Bankruptcy Court's order granting Wells Fargo's motion to abstain in the adversary proceeding, that decision is also not properly before this Court

inasmuch as no appeal was filed from that order, either. In any event, it may be concluded that the September 1, 2016, order to abstain in the adversary proceeding mooted Appellant's motion to continue the confirmation hearing by the time of the second confirmation hearing on September 27, 2016.

Thus, the Court limits its review to the issue of whether the Bankruptcy Court erred or abused its discretion when it denied confirmation of Appellant's Chapter 13 Plan without leave to amend.

## IV. Analysis

Initially, the Trustee raises the question of whether the order denying confirmation without leave to amend is considered a final order that may be the subject of an appeal. Appellee's Brief 7-8. Both the Trustee and the Appellant contend the order at issue should be considered a final, appealable order. *Id.* 8; Appellant's Reply Brief 1. The Court agrees.

This Court's authority to hear an appeal in a bankruptcy case is governed by 28 U.S.C. § 158(a), which provides,

The district courts of the United States shall have jurisdiction to hear appeals

(1) from final judgments, orders, and decrees;
(2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
(3) with leave of the court, from other interlocutory orders and decrees;

and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.

In *Mort Ranta v. Gorman*, 721 F.3d 241 (4th Cir. 2013), the Fourth Circuit held that an order denying confirmation of a Chapter 13 plan "can be a final order for purposes of appeal even if the case has not yet been dismissed." *Id.* at 248. The instant case fits squarely within

that holding. The Bankruptcy Court's order of September 28, 2016, is, therefore, a final, appealable order.

On the merits, the Trustee reiterates in this Court his contention below that Appellant's proposed Chapter 13 Plan did not comply with 11 U.S.C. § 1325 or § 1326. Section 1325(b)(1)(B) provides,

> If the trustee . . . objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan, the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

As earlier noted, Appellant's projected disposable income was $3,564.62 per month. The Trustee objected to confirmation because, among other reasons, all of Appellant's projected disposable income was not to be paid to the Plan. Appellant proposed paying $0 per month before confirmation and only $1,388.72 per month after confirmation, for a total term of 60 months. Section 1326(a)(1)(A) states, "Unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier, in the amount proposed by the plan to the trustee." Under 11 U.S.C. § 301(b), "The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter." Appellant commenced his Chapter 13 case on June 8, 2016. Appellant filed his amended plan on August 26, 2016. Thus, the earlier date referenced in section 1326(a)(1)(A), as applied to Appellant's case, was June 8, 2016. Consequently, his first payment of $3,564.62 was due July 8, 2016. It is obvious that Appellant's Chapter 13 Plan was not confirmable because it did not meet the requirements of sections 1325 and 1326.

The Trustee also argues that the Plan was not feasible. The feasibility requirement derives from section 1325(a)(6), which requires that a debtor will be able to make all payments under a plan and comply with it. *Mort Ranta*, 721 F.3d at 253. Appellant's Plan hinged upon his being successful in his adversary proceeding against Wells Fargo and either being relieved of the mortgage debt or having it reduced significantly. To the extent the debt would only be reduced, then Appellant spoke in vague terms about seeking refinancing for the debt. He has not provided any evidence that he would be approved for refinancing. According to Wells Fargo's proof of claim, the total amount owed on the mortgage was $711,106.73, and the amount to cure default as of the date the Chapter 13 petition was filed was $354,048.33. Proof of Claim #6, filed Oct. 11, 2016, No. 16-17776 Claims Register. As noted earlier, the Bankruptcy Court abstained from addressing the merits of the adversary proceeding, so Appellant never obtained relief from the debt. Nothing in Appellant's Plan permits a reasonable inference of feasibility.

Finally, the Court finds merit in the Trustee's argument that neither Appellant's case nor his Chapter 13 Plan was filed in good faith. Section 1325(a)(3) requires that a plan be proposed in good faith. The statute does not define "good faith," so the Fourth Circuit has noted the general parameters of that concept: "'Broadly speaking, the basic inquiry should be whether or not under the circumstances of the case there has been an abuse of the provisions, purpose, or spirit of [the Chapter] in the proposal or plan . . . .'" *Deans v. O'Donnell*, 692 F.2d 968, 972 (4th Cir. 1982) (quoting 9 Collier on Bankruptcy 9.20 at 319 (14th ed. 1978)) (alteration in original). Some factors that may be considered in this inquiry are the following:

> the percentage of proposed repayment, . . . the debtor's financial situation, the period of time payment will be made, the debtor's employment history and prospects, the nature and amount of unsecured claims, the debtor's past bankruptcy filings, the debtor's honesty in representing facts, and any unusual or exceptional problems facing the particular debtor.

*Deans*, 692 F.2d at 972.

In Appellant's case, the factor that stands out beyond all others is the repeated bankruptcy filings. Between the Ekweanis, they have filed six different bankruptcy petitions since 2008, and all of them have been dismissed (save for the instant case, which is due for dismissal). It is reasonable to infer they are serial filers who have abused the spirit of the bankruptcy laws as well as the automatic stays and co-debtor stays granted by those laws. In addition, the obvious inadequacy of the Plan to protect creditors when it proposed an unrealistic payment schedule and when it clearly did not comply with the bankruptcy laws militates against finding good faith. As a result, the Court concludes Appellant's instant case was not filed in good faith, and the same is true of his proposed Chapter 13 Plan.

## V. *Conclusion*

The Bankruptcy Court aptly ruled that Appellant's Plan did not meet statutory requirements and should not be confirmed. Moreover, the court correctly concluded Appellant could not propose a plan that was susceptible of confirmation and properly denied confirmation without leave to amend. A separate order will issue affirming the Bankruptcy Court's order of September 28, 2016.

DATED this 26th day of June, 2017.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge